**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH E. SMITH | : | |
| | : | |
| Appellant | : | No. 94 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 28, 2023
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000469-2022

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:         **FILED: August 12, 2024**

Keith E. Smith ("Smith") appeals from the judgment of sentence imposed following the revocation of his probation. Upon review, we affirm the judgment of sentence.

In November 2022, Smith pleaded guilty to one count each of stalking and terroristic threats in one case, and harassment in a second case.[1] The charges arose when Smith, more than twenty years after his graduation from high school, began contacting former classmates and sending sexually explicit and threatening texts. *See* Trial Court Opinion, 3/1/24, at 1; Stipulation of Facts, 11/21/22, at 1 (unnumbered); Written Guilty Plea Colloquy, 11/21/22, at 1 (unnumbered). Smith also appeared at one of the victim's homes,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 2709.1(a)(2), 2706(a)(1), 2709(a)(6).

honking the horn of his vehicle and threatening to physically harm the victim. *See* Trial Court Opinion, 3/1/24, at 1.

At sentencing, in accordance with the terms of the guilty plea agreement, the trial court sentenced Smith to forty days to eighteen months in prison for stalking with credit for ninety-four days' time served, a concurrent term of eighteen months of probation for terroristic threats, and a concurrent term of twelve months of probation for harassment. *See* Order, 11/18/22, at 1 (unnumbered).[2] The sentencing order included a special condition of probation requiring that Smith "shall not have, *direct or indirect contact*, whatsoever, with any of the victims or be within one[]hundred [] yards of the victim[s'] residence[s] or in location that they are. He shall not knowingly be within one[]hundred [] yards in any public setting[.]" *Id*. at 2 (emphasis added). Smith was immediately paroled. Smith did not file a direct appeal.

Approximately two months later, Smith violated his parole when he sent the following text to one of the female victims,

> Why [are] you on a date with your grandfather tonight? You should bang me[;] I'm better than anyone you've ever been with[.] If you ever want to[,] call me. Sorry about before.

Trial Court Opinion, 3/1/24, at 2 (quotation marks omitted, punctuation regularized). The trial court revoked Smith's parole and remanded him to jail. *See* Order, 3/16/23, at 1-2 (unnumbered). Smith did not appeal. The trial

---

[2] The notes of testimony from Smith's guilty plea hearing and sentencing are not included in the certified record.

court reiterated to Smith at sentencing that he was to have no contact with the victims. **See** Trial Court Opinion, 3/1/24, at 2.[3] Smith told the court he now understood that he could have no contact whatsoever with the victims. **See id**. at 2. Smith was paroled in May 2023.

Approximately one month later, in June 2023, Smith attempted to contact one of the female victims by leaving voicemail messages he intended a third party to give her. Smith stated:

> That bitch [] better come my way and start sucking and fucking my dick or there's going to be more shit going down. . .. If you don't send the word to that fucking piece of shit whore. . .. That bitch better get the fuck over here and start fucking my dick or 20 dudes are gonna be mother fucking pissed at you and mother fucking []. We're gonna beat you and run you right out of town. . .. If I see you or [] with that bitch again, it might not happen today, but fuck give it a couple of months and I'll pop a mother fucker.

Trial Court Opinion, 3/1/24, at 2-3 (quotation marks omitted, punctuation regularized, names redacted).

Following a full hearing, the trial court revoked Smith's probation for terroristic threats and resentenced him to eighteen to forty-eight months in prison, with credit for time served. **See** Order, 12/28/23, at 1 (unnumbered). Smith filed a motion for reconsideration, which the trial court denied. This timely appeal followed.[4]

---

[3] The notes of testimony from the first revocation proceedings and resentencing are not included in the certified record.

[4] Smith and the trial court complied with Pa.R.A.P. 1925.

On appeal, Smith raises a single issue, "Whether the trial court abused its discretion in resentencing a [probation] violator outside of the guidelines?" Smith's Brief at 5 (capitalization standardized).

Smith challenges the discretionary aspects of his sentence. *See id*. at 8-13. "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). A challenge to the discretionary aspects of a sentence "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citations and internal citation omitted). This Court must determine:

> (1) whether the appeal is timely; (2) whether [the appellant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted). Only where an appellant has met all four elements of the test will we review a challenge to the discretionary aspects of sentence.

As noted above, Smith timely appealed. He filed a motion for reconsideration challenging the discretionary aspects of his sentence. However, his brief does not include a Pa.R.A.P. 2119(f) statement. *See* Smith's Brief at 1-14. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded

from reaching the merits of the claim when [the appellee] lodges an objection to the omission of the statement." ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006). Because the Commonwealth has not objected to the absence of the 2119(f) statement, we will not find waiver on this basis.

Regarding a substantial question, Smith asserts he was improperly sentenced outside the guidelines and the court failed to consider mitigating circumstances. ***See*** Smith's Brief at 8-13. These claims do not raise a substantial question.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. ***See*** 42 Pa.C.S.A. § 9771(b) (final effective date June 10, 2024). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). At the time of Smith's revocation and sentencing, 42 Pa.C.S.A. § 9771(c) provided that once probation has been revoked, a sentence of total confinement may only be imposed if one of the following conditions exists:

(1) the defendant has been convicted of another crime;

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c) (final effective date June 10, 2024).

As of June 11, 2024, the statute now reads:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

(ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted

> from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

42 Pa.C.S.A. § 9771(c) (effective 6/11/24).

Here, regardless of which version of 42 Pa.C.S.A. § 9771(c) we apply, Smith is not entitled to relief. It is well-settled that "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations[.]" *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citation omitted). Further, even if the guidelines applied, Smith's claim of excessiveness would not raise a substantial question, as his sentences is within statutory limits. *See Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999). Lastly, this Court has long held a claim asserting only a trial court's failure to properly consider mitigating factors does not raise a substantial question. *See Commonwealth v. Radecki*, 180 A.3d 441, 469-70 (Pa. Super. 2018) (collecting cases). Accordingly, Smith's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/12/2024